UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| TAMARA LASSETER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV411-021 |
| THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, | ) ) ) ) |
| Defendant. | ) |

## ORDER

This Court granted *pro se* plaintiff Tamara Lasseter leave to file, without prepayment of the Court's filing fee, this Family and Medical Leave Act (FMLA) case, *see* 29 U.S.C.A. §§ 2601-54, against the City of Savannah. Doc. 2 at 2. It later screened her case under 28 U.S.C. § 1915(e)(2)(B)(ii), but warned her that under Fed. R. Civ. P. 26(f) she must confer with opposing counsel to develop a plan of discovery, per Fed. R. Civ. P. 26(d), (f). Doc. 5 at 8. The Court also warned her that it may dismiss her case on abandonment grounds if she failed to comply with its instructions. *Id.* (citing Fed. R. Civ. P. 41).

Recently this Court had to specially direct Lasseter to comply

with her obligation to confer with defense counsel in order to file a joint Rule 26(f) Report. Doc. 14. Now the City asks this Court to compel her to respond to its interrogatories. Doc. 17. She has failed to respond to the City's fully supported Motion to Compel, doc. 17, so it is **GRANTED** by operation of Local Rule 7.5 (no response means no opposition). Plaintiff shall respond to the defense interrogatories within 14 days of the date of this Order or risk dismissal of her case.

The City does not ask for fees and costs in its motion. Perhaps it believes it cannot justify the expense of doing so (i.e., Lasseter is proceeding *in forma pauperis*, doc. 3, and thus may fail to pay it any monetary discovery sanction). But "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the moving party the reasonable expenses incurred in making the motion...." Fed.R.Civ.P. 37(5)(A) (emphasis added). The Rules drafters evidently concluded that adding some sting will deter the uncooperative from burdening the judicial system.

Still, forcing the City to file another brief with a fully supported

2

fee/cost showing will trigger an additional, potentially unrecoverable, expense for the taxpayers. By any measure of local legal market costs, a minimum of $100 in attorney time alone surely went into the City's motion to compel. Within 14 days after the date this Order is served, then, Lasseter shall show cause why she should not pay the City $100 for her non-compliance with the discovery rules. *Moore v. Rockwood*, 2011 WL 4807898 at * 3-5 (D.N.H. Oct. 11, 2011) (analyzing show-cause factors under the Rule). Her failure to comply may result in dismissal of her case.

SO ORDERED this 18TH day of November, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA